IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CONRAAD L. HOEVER,

Plaintiff,

v. CASE NO. 5:11-cv-254-MP-GRJ

EDWIN BUSS, et al,

Defendants.

_______________________________/

**ORDER**

Plaintiff, an inmate serving a sentence in the custody of the Florida Department of Corrections ("FDOC"), initiated this case by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 on July 22, 2011. (Doc. 1.) Plaintiff also filed a motion to proceed *in forma pauperis*, which the Court granted. (Doc. 5.) Plaintiff has paid the required initial partial filing fee (Doc. 7) and is now proceeding pursuant to an amended complaint. (Doc. 4.) For the reasons provided below, Plaintiff will be given the opportunity to amend his amended complaint.

## I. BACKGROUND

Plaintiff is currently incarcerated at Calhoun Correctional Institution ("Calhoun CI") in Blountstown, Florida. He seeks to bing claims against the Secretary of the FDOC, two individuals employed in the FDOC's Bureau of Inmate Grievance Appeals in Tallahassee, Florida, and nine individuals employed by the FDOC at Calhoun CI.

According to the allegations in Plaintiff's First Amended Complaint, Plaintiff was in the lunch line at Calhoun CI on March 25, 2011 when he realized he had forgotten

his I.D. card. Plaintiff left his place in line to retrieve the I.D. card and then attempted to return to his former place in line when Defendant Officer M. Griffin called Plaintiff's name. Griffin cursed at Plaintiff and then put his hand in Plaintiff's pocket. He removed Plaintiff's legal papers from the pocket and then proceeded to read the papers despite Plaintiff's objections that they were legal papers and Griffin should not be reading them. Griffin responded by stating he can read every word on the papers any time Griffin wanted. Plaintiff then asked Griffin his name in order to place the appropriate name on the grievance form Plaintiff intended to file against Griffin. Griffin offered to write his own name on the grievance form for the Plaintiff, but Plaintiff declined and told Griffin he would be filing the grievance by placing it in the box for grievances. Griffin then told Plaintiff to report to the center gate after lunch and to grab the manual rotary lawnmower (also known as the "Flintstone") on his way to the gate.

Plaintiff reported to Griffin at the gate after lunch as ordered and Griffin ordered Plaintiff to begin pushing the Flintstone. Plaintiff pushed the Flintstone for two hours without water or bathroom breaks before another correctional officer told him to report back to his dorm. On the evening of March 25, 2011 Plaintiff filed nine grievances against Griffin based on Griffin's actions earlier in the day. Plaintiff states on April 4, 2011 Defendants Tripp, Parker and Colonel Andrews conspired against Plaintiff for the nine grievances Plaintiff had filed against Griffin, degraded Plaintiff and threatened Plaintiff with retaliation. On April 6, 2011 Plaintiff received a change of job assignment.

Plaintiff filed multiple emergency grievances and grievance appeals with the FDOC's Bureau of Inmate Appeals in Tallahassee regarding the lack of response to his nine grievances against Defendant Griffin and the threats he received from other

correctional officers in April 2011. Each of these grievances was returned by the Bureau of Inmate Grievance Appeals without action, but Plaintiff does not advise the Court if the Bureau of Inmate Grievance Appeals gave a specific reasons for doing so. Plaintiff then filed a petition for a writ of mandamus in the Circuit Court in and for the Second Judicial Circuit of Florida in Tallahassee seeking an order compelling the FDOC to investigate the allegations raised in his grievances, which was apparently dismissed due to Plaintiff's failure to demonstrate he administratively exhausted the claims in the petition for a writ of mandamus.

On June 15, 2011, Plaintiff was injured while he was pushing the Flintstone. He went to the medical department at Calhoun CI the next morning, but did not receive proper medical treatment for his injuries. In response to this lack of proper medical treatment, he filed a medical grievance to the Warden of Calhoun CI.

On July 14, 2011 Plaintiff was scheduled for a call-out to use the law library at Calhoun CI. Plaintiff alleges he had an imminent deadline in one of his lawsuits, but he forgot to bring an envelope with him in which to mail his legal papers. Plaintiff apparently was not able to make this deadline because Defendant Officer Clemons canceled Plaintiff's call-out for the legal library when Plaintiff ran back to his dorm to retrieve an envelope in which to mail his legal papers. Plaintiff also describes a series of other acts by various Defendants he contends violated the rules of professional conduct for FDOC correctional officers in July and August 2011.

Plaintiff claims Defendants violated his rights under the First, Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks declaratory and injunctive relief and compensatory and punitive damages.

## II. STANDARD OF REVIEW

The Court must screen Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A. Section 1915A mandates the Court must independently review all cases brought by prisoners against government entities or employees. The Court is further directed by section 1915A to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

Plaintiff filed his Amended Complaint on the civil rights complaint form to be used by prisoners in actions under 42 U.S.C. § 1983. A successful section 1983 action requires a plaintiff to show he was deprived of a federal right by a person acting "under color of state law." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992)(citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)). A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state. Edwards v. Wallace Community College, 49 F.3d 1517, 1522 (11th Cir. 1995)(citing West v. Atkins, 487 U.S. 42, 48-50 (1988)). "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." Id. at 1523 (citing Monroe v. Pape, 365 U.S. 167, 183-84 (1961)(*overruled on other grounds by* Monell v. Department of Social Servs., 436 U.S. 658 (1978))).

## III. DISCUSSION

Plaintiff's Amended Complaint seeks to bring First, Eighth and Fourteenth Amendment claims against the Defendants. The Court will examine each of Plaintiff's

various claims below in order to give Plaintiff guidance in amending his Amended Complaint.

**A. Plaintiff's First Amendment Claims**

In the Amended Complaint, Plaintiff alleges the Defendants violated his First Amendment rights by forbidding him from writing grievances, denying him access to the law library at Calhoun CI and forcibly reading his legal mail. Prisoners have a constitutional right of access to courts. Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006). "The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). Prison officials cannot retaliate against prisoners for exercising their right to free speech, a right which include the ability to complain to prison officials about the prisoner's conditions of incarceration. O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011)(*per curiam*).

Plaintiff makes allegations against a number of Defendants whom he contends violated his First Amendment rights. Plaintiff states Defendant Griffin forcibly read Plaintiff's legal papers. This would not be a cognizable First Amendment claim, as Plaintiff does not allege Griffin prevented him from filing those papers or punished Plaintiff for filing a grievance against Griffin. Plaintiff instead states Griffin forced him to push the Flintstone, which would not be sufficient to state a First Amendment claim because Griffin apparently ordered Plaintiff to do so not for filing grievances, but because Griffin thought Plaintiff disrespected him. Plaintiff should thus delete his First Amendment claim when Plaintiff amends the Amended Complaint.

Plaintiff also alleges Defendants Mr. Parker, Mr. Tripp and Colonel Andrews conspired against Plaintiff because of his grievances, degraded Plaintiff and threatened Plaintiff to expect retaliation. Plaintiff does not state, however, whether Parker, Tripp or Andrews actually did anything to him as a result of his filing of grievances. Accordingly, Plaintiff should take care when amending his complaint to describe any concrete actions Defendants Griffin, Parker, Tripp or Andrew took which prevented him from complaining to prison officials about his conditions of incarceration.

Plaintiff also states Defendant Officer Clemons took Plaintiff off the call-out list for the law library in response to Plaintiff returning to his dorm to retrieve an envelope, which purportedly prevented Plaintiff from being able to mail his legal papers on time. Plaintiff should include further detail with respect to this claim when amending his amended complaint, including how Clemons's actions prevented Plaintiff from being able to access the courts.

**B. Plaintiff's Eighth Amendment Claims**

A fair reading of the Complaint reveals that Plaintiff is also attempting to bring a deliberate indifference claim under the Eighth Amendment against the Defendants. To establish an Eighth Amendment violation stemming from the deprivation of medical attention, a prisoner must set forth evidence of an objectively serious medical need and prove that the officials acted with attitudes of deliberate indifference to his needs. Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). Thus, a prisoner must demonstrate (1) "an objectively serious medical need," so grave that, "if left unattended, poses a substantial risk of serious harm," and (2) that the officials' response was so inadequate as to "constitute an unnecessary and wanton infliction of pain," and was not

"merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause[.]" Whitley v. Albers, 475 U.S. 312, 319 (1986).

The Court will give Plaintiff an opportunity to amend his Complaint to include further factual detail with regard to his Eighth Amendment deliberate indifference claim. In order to demonstrate a deliberate indifference claim, Plaintiff must include further detail with respect to the injury he suffered while he was pushing the Flintstone. Plaintiff does state he did not receive proper treatment for these injuries. Plaintiff does not include, however, any detail with respect to what his injury was and whether the treatment provided was inadequate or whether no treatment at all was provided. Plaintiff also does not state what any particular Defendant did or did not do in response to Plaintiff's complaints after he was injured pushing the Flintstone. The Complaint does not presently contain sufficient factual detail in order for the Court to determine whether Plaintiff actually suffered from an objectively serious medical need or whether the Defendants were deliberately indifferent to his complaints of knee pain.

**C. Plaintiff's Fourteenth Amendment Due Process Claims**

Plaintiff also complains the Defendants violated his rights to due process under the Fourteenth Amendment by harassing, conspiring against him and punishing him for his right to file grievances and by failing to investigate the allegations Plaintiff raised in his grievances. He claims this resulted in the loss of gain time and an unblemished record with the FDOC. He also claims the Defendants violated his rights to life and

liberty by forcing him to work without a break, ordering him not to stop until he was told to do so and forcing him to work without giving him water or allowing him to use the restroom.

**1. Loss of Gain Time**

Plaintiff may be able to state a due process claim for the loss of gain time as a result of the Defendants' action. The Supreme Court has held that when a prison disciplinary proceeding may result in the loss of time credits, a prisoner is entitled to the following three procedural protections: (1) advance written notice of the charges and at least 24 hours to prepare a defense; (2) an opportunity, consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his own behalf; and (3) a written statement by the factfinder of the evidence relied upon and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974). Due process standards are satisfied if the findings of the disciplinary officer are supported by "some evidence." Walpole v. Hill, 472 U.S. 445, 455 (1985). Plaintiff has not specifically alleged whether he actually lost any gain time as a result of the Defendants' actions as well as the procedures, if any, employed by the Defendants in depriving him of gain time. Accordingly, in amending his amended complaint, Plaintiff should take care to state whether he actually lost gain time as a result of the Defendants' actions and, if so, what procedures were employed by the Defendants in depriving him of gain time.

**2. Deprivation of a Liberty Interest**

Plaintiff also states the Defendants deprived him of a liberty interest in forcing him to work without a break, ordering him not to stop pushing the Flintstone until he was

told to do so and forcing him to work without giving him water or allowing him to use the restroom. The Supreme Court has stated that there are two circumstances in which a prisoner can be deprived of a liberty interest beyond the deprivation associated with the prisoner's confinement. *See* Sandin v. Conner, 515 U.S. 472, 484 (1995). First, a liberty interest may arise from the "Due Process Clause of its own face," which extends procedural safeguards to a prisoner when his liberty is restrained in a way that exceeds the sentence imposed by the court. *Id.* Second, states may create liberty interests by conferring certain benefits upon prisoners, the deprivation of which "impose[s] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* In Sandin, the Supreme Court held that there was no state-created liberty interest in being free from disciplinary confinement for 30 days because such confinement did not present an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* The Court made this finding after it compared the evidence of the treatment of inmates in disciplinary and administrative segregation and found that the conditions in the one "mirrored those conditions" in the other. *Id.* at 486. In this case, Plaintiff makes no allegation that having to push the Flintstone without water or bathroom breaks amounted to an "atypical and significant hardship." Accordingly, unless he can demonstrate how that amounted to an "atypical and significant hardship," Plaintiff should delete this claim from his amended complaint.

**D. Plaintiff's State Law Tort Claim against Defendant Griffin**

Plaintiff also attempts to bring a tort claim against Defendant M. Griffin based upon Griffin's reaching into Plaintiff's pocket. Although Plaintiff does not specify which type of tort claim he alleges against Griffin, Plaintiff is advised that he cannot bring state

law tort claims against any Defendant in federal court under Section 1983 absent a federal constitutional violation by the Defendant. Paul v. Davis, 424 U.S. 693, 710 (1976)(noting that an allegation of defamation alone by a state official is insufficient to bring a claim under Section 1983). In order to bring a claim under Section 1983, a plaintiff must demonstrate that he or she was deprived of a right secured by the Constitution or federal law. Charles v. Scarberry, 340 Fed. Appx. 597, 599-600 (11th Cir. 2009)(*per curiam*)("To prevail on a claim under section 1983, [plaintiff] had to demonstrate (1) that Defendants deprived her of a right secured by the Constitution or federal law and (2) that such deprivation occurred under color of state law."). Accordingly, Plaintiff would not be able to state a state law tort claim against Griffin or any other Defendant under 42 U.S.C. § 1983 because Plaintiff does not allege his federal constitutional rights were violated in connection with this state law claim.

**E. Proper Defendants**

The Court also notes Plaintiff named twelve Defendants in his amended complaint but failed to describe the role played by multiple Defendants in the alleged deprivations of his federal constitutional rights. To establish liability under 42 U.S.C. § 1983, Plaintiff must also show an affirmative causal connection between each Defendant's conduct and the constitutional deprivation. Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). Accordingly, Plaintiff should name as Defendants only those individuals whom he believes deprived him of his federal constitutional rights.

**IV. CONCLUSION**

To amend his complaint, Plaintiff must fill out the civil rights complaint form,

marking it "Second Amended Complaint." Plaintiff is advised that the second amended complaint must contain all of Plaintiff's factual allegations set forth in separately numbered paragraphs and should not in any way refer to the original Complaint or the Amended Complaint.

Accordingly, it is hereby **ORDERED** that:

1. The Clerk is directed to send Plaintiff a blank prisoner civil rights complaint form and instructions.

2. Plaintiff shall fully complete the complaint form. In amending his Amended Complaint, Plaintiff shall not refer back to the original Complaint or the Amended Complaint or incorporate any part of the original Complaint or the Amended Complaint by reference. Plaintiff shall file the second amended complaint, together with an identical copy of the second amended complaint for each Defendant, **on or before February 24, 2012.**

3. Failure to comply with this order within the allotted time, or to show cause why Plaintiff is unable to comply, will result in a recommendation to the district judge that the case be dismissed without further notice for failure to prosecute or for failure to state a claim.

**DONE AND ORDERED** this 2nd day of February 2012.

s/ Gary R. Jones
GARY R. JONES
United States Magistrate Judge