IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CONRAAD L. HOEVER,

     Plaintiff,

v.                                        CASE NO. 5:11-cv-254-MP-GRJ

KENNETH S. TUCKER, et al,

     Defendants.

_____/

## ORDER

This matter is before the court on Plaintiff's "Motion to Compel Defendants to Make Resources Available to Plaintiff to Prepare and File His Legal Documents," Plaintiff's "Motion for Leave to File an Amended Complaint," Plaintiff's "Motion for an Extension of Time to Privately Serve Process upon Defendant Harold Parker," Plaintiff's "Motion Renewing Plaintiff's Motion/ Expediting Motion to Compel Defendants to Make Resources Available to Plaintiff to File Meaningfull [sic] Legal Documents in a Professional Manner," and Plaintiff's "Motion for Appointment of Counsel (Renewed)." (Docs. 38, 40, 41, 54, 55.)  For the following reasons, these motions are due to be denied, with the exception of the motion for extension of time to serve process, which is due to be granted.

In his first motion to compel Defendants to make resources available, Plaintiff says that the prison law library is inadequately equipped, and that the library will only expedite his resource requests if he has a court-ordered deadline.  (Doc. 38, at 3-4.) Plaintiff also says that the library will not make copies for him and that he is therefore required to hand-write his legal papers.  In his renewed motion to compel Defendants to

make resources available, Plaintiff says that when he requested paper from the prison officials, the only paper he was provided had a stamp across the pages with the name of the prison.  (Doc. 54, at 2.)  Plaintiff says that this type of paper is unsuitable for filing legal papers because it is unprofessional.  Plaintiff requests the Court in both motions to order the prison officials to provide him with better resources.

"The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  However, here Plaintiff has not demonstrated that prison officials have interfered with his right of access to the courts.  Plaintiff's allegation that the law library is inadequate is based on the library's rationing of resources to expedite requests for prisoners with pending deadlines.  He does not allege that the library prevented him from accessing resources at all, only that he was required to wait.  Furthermore, the library's refusal to make photocopies for Plaintiff likewise has not blocked his access to the courts, because Plaintiff was able to file the instant motions by hand-writing them.  The Court will not dictate to the prison staff what type of paper it must supply to inmates.  Therefore, Plaintiff's motion and renewed motion to compel are due to be denied.

Plaintiff requests leave to file a third amended complaint.  (Doc. 40.)  Plaintiff's motion provides very little information as to the reasons for the amendment or the nature of the amendments he seeks to file, only stating that he wishes to add "several new defendants" who have conspired with the defendants already named in the Second Amended Complaint.  Plaintiff does not address any potential prejudice to the existing

seventeen defendants if the motion is granted.

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading only with the opposing party's consent or the court's leave if the party wishing to amend seeks to do so more than 21 days after the original pleading was filed.  Fed. R. Civ. P. 15(a) also provides that federal courts should freely give leave to amend a pleading to a party requesting such leave "when justice so requires."  In addition, N.D. Fla Loc. R. 15(a) provides in pertinent part: "When leave is sought to amend a pleading pursuant to a motion, the motion and the proposed amended pleading shall each be filed and docketed separately. The proposed amended pleading shall not take effect unless and until the motion to amend is granted."

Plaintiff has failed to provide any detailed information as to what changes, additions or deletions he wishes to make to his Second Amended Complaint (Doc. 16), nor has he provided the Court with a copy of the proposed amended complaint in accordance with N.D. Fla Loc. R. 15(a).  The motion is, therefore, due to be denied because Plaintiff has not demonstrated a sufficient reason for filing an amended complaint.

At this point, Defendant Harold Parker has not yet been served.  The Florida Department of Corrections previously provided a Notice to the Court that the forwarding address for Defendant Harold Parker had been provided in confidence to the United States Marshals Service ("USMS").  (Doc. 27.)  The Court then ordered the USMS to personally serve Parker at the address provided in the Notice.  (Doc. 28.)  The USMS attempted to personally serve Parker at this address, but Parker no longer lives at the address.  (Doc. 32.)  On June 4, 2012, the Court issued an Order to Plaintiff to provide

an address for Defendant Parker by June 25, 2012.  (Doc. 35.)  Plaintiff was warned

that failure to comply with the order could result in a recommendation that the claims

against Defendant Parker be dismissed.  Plaintiff has filed a motion for extension of

time to serve Defendant Parker, in which he requests permission to "privately" serve

Defendant Parker, "after which he will provide the Clerk of the Court with the address/

contact information of this Defendant."  (Doc. 41, at 2.)  The Court will construe this

motion as a request for extension of time to obtain the address of Defendant Parker,

and will grant Plaintiff thirty days from the date of this Order to file that address with the

Court.  If Plaintiff is unable to locate Defendant Parker's address, however, the Court

will recommend that the claims against Defendant Parker be dismissed.

Plaintiff also renews his motion for appointment of counsel, saying that his

incarceration status has made communication with Defendants more complex and

difficult, that counsel would be helpful to him should his case go to trial, and that he has

limited knowledge of the law.  (Doc. 55, at 2-3.)   Plaintiff's original motion for

appointment of counsel was denied without prejudice.  (Docs. 13, 14.)  The

appointment of counsel in civil cases is not a constitutional right; rather, it is "a privilege

that is justified only by exceptional circumstances, such as where the facts and legal

issues are so novel or complex as to require the assistance of a trained practitioner."

*Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987); *Bass v. Perrin*, 170 F.3d 1712,

1720 (11th Cir. 1999).  This motion is again due to be denied, as the Court finds that

there are no exceptional circumstances to merit the appointment of counsel at this time.

The difficulties presented to the *pro se* Plaintiff are typical of those faced by other

incarcerated litigants, and the facts of this case are not complex.  Plaintiff's motion will

thus be denied without prejudice.  If the case should go to trial, Plaintiff is not precluded

from raising the issue again for further consideration.

Accordingly, it is **ORDERED**:

(1)   Plaintiff's "Motion to Compel Defendants to Make Resources Available to

Plaintiff to Prepare and File His Legal Documents," Doc. 38, is **DENIED**.

(2)   Plaintiff's "Motion for Leave to File an Amended Complaint," Doc. 40, is

**DENIED**.

(3)   Plaintiff's "Motion for an Extension of Time to Privately Serve Process

upon Defendant Harold Parker," Doc. 41, is **GRANTED**.  Plaintiff must

provide an address for Defendant Harold Parker to the Clerk of Court on

or before **September 27, 2012**.  Failure to do so will result in a

recommendation to the district judge that Defendant Parker be dismissed

from this case.

(4)   Plaintiff's "Motion Renewing Plaintiff's Motion/ Expediting Motion to

Compel Defendants to Make Resources Available to Plaintiff to File

Meaningfull [sic] Legal Documents in a Professional Manner," Doc. 54, is

**DENIED**.

(5)   Plaintiff's "Motion for Appointment of Counsel (Renewed)," Doc. 55, is

**DENIED** without prejudice.

**DONE AND ORDERED** this 28ᵗʰ day of August 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge