IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CONRAAD L. HOEVER,

      Plaintiff,

v.                                CASE NO. 5:11-cv-254-MP-GRJ

KENNETH S. TUCKER, et al.,

      Defendants.

_____/

# O R D E R

This case is before the Court on Doc. 58, Plaintiff's Motion for Reconsideration, and Doc. 59, Plaintiff's Supplemental Motion for Preliminary Injunction and Motion for Temporary Restraining Order. For the following reasons, the motions are due to be denied.

Plaintiff seeks reconsideration of the Court's Order, Doc. 56, denying Plaintiff's "Motion to Compel Defendants to Make Resources Available to Plaintiff to Prepare and File His Legal Documents," Plaintiff's "Motion for Leave to File an Amended Complaint," Plaintiff's "Motion Renewing Plaintiff's Motion/ Expediting Motion to Compel Defendants to Make Resources Available to Plaintiff to File Meaningfull [sic] Legal Documents in a Professional Manner," and Plaintiff's "Motion for Appointment of Counsel (Renewed)." (Docs. 38, 40, 54, 55.) Upon due consideration of all grounds raised in the motion, the motion for reconsideration is due to be denied.

Plaintiff also seeks a preliminary injunction and restraining order against multiple officers at Franklin Correctional Institution, where he is currently housed. Plaintiff

asserts that Officer Gordon, who supervises Plaintiff's work assignment in food service, is harassing him and falsely accusing him of refusing to work. Plaintiff asserts that he was placed in administrative segregation as a result of a "conspiracy to lock Plaintiff up for quoting. . . [prison] rules." (Doc. 59, at 5.) Plaintiff asserts that while he was in administrative segregation, Sgt. Hamilton shouted at him and threatened him.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.,* 112 F.3d 1125, 1126 (11th Cir. 1997)*, citing United States v. Lambert,* 695 F.2d 536, 539 (11th Cir. 1983). Guiding this discretion is the required finding that plaintiff establish:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction were not granted;

(3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant;  and

(4) that granting the injunction would not disserve the public interest.

*Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000)*; Carillon Importers, Ltd.,* 112 F.3d at 1126*; United States v. Jefferson County,* 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. *Jefferson County,* 720 F.2d at 1519, citing *Canal Auth. v. Callaway,* 489 F.2d 567 (5th Cir. 1974).

Plaintiff makes generalized claims that prison officials have conspired against him for filing grievances. However, he does not allege substantial facts supporting a threat of irreparable injury. Based on the facts alleged in Plaintiff's motion, he fails to

carry his burden of persuasion on any of the four factors warranting injunctive relief. Plaintiff's allegations are not sufficient to invoke the drastic remedy of a preliminary injunction.

Finally, to the extent Plaintiff asks the Court to bind non-parties to an order issued by this Court, his motion is flawed. In his Second Amended Complaint, Plaintiff named seventeen officials at Calhoun Correctional Institution and the Florida Department of Corrections. (Doc. 16). Plaintiff does not name any of these persons as specifically engaging in the activities he alleges warrant a preliminary injunction. Rule 65(d), which governs motions for a preliminary injunction, provides *inter alia*: "Every order granting an injunction and every restraining order . . . is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." FED. R. CIV. P. 65(d). "It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 110, 89 S. Ct. 1562, 1569, 23 L. Ed. 2d 129 (1969) (citation omitted). This Court must have jurisdiction over a party to adjudicate a claim. Therefore, the parties identified in this motion would not be bound by an order issued by this Court.

Accordingly, it is **ORDERED**:

1) Plaintiff's Motion for Reconsideration, Doc. 58, is **DENIED**.

2)  Plaintiff's Supplemental Motion for Preliminary Injunction, Doc. 59, is **DENIED.**

**DONE AND ORDERED** this 22nd day of January 2013.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge