IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CONRAAD L. HOEVER,

      Plaintiff,

v.                                      CASE NO. 5:11-cv-254-MP-GRJ

KENNETH S. TUCKER, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate at Franklin Correctional Institution, has filed a *pro se* First

Amended Complaint under 42 U.S.C. § 1983, asserting claims against seventeen

defendants.  Defendants have filed a motion to sever or dismiss, Doc. 52, for misjoinder

of both defendants and claims.  Plaintiff filed a response to the motion to sever, Doc.

53, and therefore this matter is ripe for review.  For the reasons discussed below, it is

recommended that the motion be granted in part and denied in part.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff's claims are alleged to have occurred while he was at Calhoun

Correctional Institution.  The First Amended Complaint contains a number of

claims—Plaintiff itemizes nine claims, while Defendants assert that there are twelve

claims total—that encompass events that occurred between March 25, 2011 to

December 27, 2011.  For ease of discussion, the Court's discussion will begin with

Plaintiff's principal or "lodestar" claim.  The remainder of this Report and

Recommendation will discuss why the undersigned recommends that Plaintiff's other

allegations be severed and dismissed from this case.

Plaintiff asserts that on March 25, 2011, he was in the lunch line when he realized that he had forgotten his identification card in his dorm room. He went back to retrieve the card, and as he attempted to re-enter the lunch line, he had a verbal altercation with Defendant Griffin, a correctional officer. Officer Griffin pulled Plaintiff's legal papers out of Plaintiff's pocket and began to read them, over Plaintiff's objection. Plaintiff told Officer Griffin that he would write a grievance about the incident. Plaintiff asserts that Officer Griffin, in an attempt to stop Plaintiff from writing grievances, ordered Plaintiff to push the "Flintstone" (a manual rotary lawnmower) in the hot sun for two hours without a restroom or water break. Plaintiff alleges that on April 4, 2011, he was called to a meeting of the Institutional Classification Team (ICT), consisting of Defendants Parker (Assistant Warden of the prison), Tripp (Classification Supervisor), and Andrews (Chief of Security). The ICT allegedly told Plaintiff that they would transfer him from "Houseman" to "Inside Grounds" for his work assignment, so that he would be too exhausted to write grievances. Plaintiff asserts that Defendant Sykes, a correctional officer, told him that Officer Andrews had instructed him to force Plaintiff to work to the point of exhaustion. Plaintiff asserts that Officer Sykes forced him to work more than any other prisoner, including on regular days off, through lunchtime, and on the weekend. Plaintiff asserts that Defendant Clemons, a correctional officer, conspired with Officer Sykes to overwork Plaintiff. Plaintiff further asserts that he submitted numerous grievances and grievance appeals related to these conditions, and that the grievance appeals were denied by Defendant Neel, an employee of the Central Office. Plaintiff alleges that Defendant Tucker, Secretary of the Department of Corrections,

created customs and policies that resulted in the violation of Plaintiff's constitutional rights.

Plaintiff asserts that Defendants Parker, Tripp, Andrews, Griffin, Sykes, and Clemons engaged in retaliation against him for filing grievances, in violation of his First Amendment rights. Plaintiff asserts that the in addition to being retaliatory, his work assignment also constituted an "atypical and significant hardship and deprived him of life and liberty under the Fourteenth Amendment." (Doc. 16, at 23.) Plaintiff brings this claim against Defendants Parker, Tripp, Andrews, Sykes, and Clemons. Plaintiff also asserts that the defendants who denied Plaintiff's grievances "failed to protect Plaintiff through the grievance system," and that this failure constituted a violation of Plaintiff's Fourteenth Amendment due process rights. *Id.* It appears that this claim would apply to Defendants Porter, Neel, and Tucker, at least with respect to the facts detailed above.[1]

## II.  STANDARD OF REVIEW

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell Atlantic Corp. v. Twombly*,

---

[1]Plaintiff also asserts that Defendants Parker, Chason, Summers, and O'Bryan "failed to protect Plaintiff through the grievance system." (Doc. 16, at 23.) These claims are subject to severance and dismissal, as discussed below.

550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

## III. DISCUSSION

### *Misjoinder*

In their motion to sever or dismiss, Defendants argue that those defendants that are not named in Plaintiff's lodestar should be dismissed from this action for improper joinder. Likewise, Defendants urge the Court to sever and dismiss Plaintiff's claims that are unrelated to the lodestar course of events.

Federal Rule of Civil Procedure 20(a)(2) states that multiple defendants may be joined in the same action only if, first, "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Second, there *must* be a "question of law or fact common to all defendants" in the action. Both prongs of the test must be met in order for joinder to be appropriate. *See Don King Prods., Inc. V. Colon-Rosario, et al.*, 561 F. Supp. 2d 189, 191 (D. Puerto Rico 2008).

Even where joinder is proper, the Court may sever defendants based on

considerations of fundamental fairness,

> pursuant to the Court's discretionary authority set forth in Federal Rules of Civil Procedure 20(b) and 21. *Lenon v. St. Paul Mercury Ins. Co.,* 136 F.3d 1365, 1371 (10th Cir.1998) (Rule 21 permits the district court "considerable discretion" to dismiss parties "on such terms as are just"); *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1296 (9th Cir.2000) (court may sever claims under Rule 20 if joinder would violate "fundamental fairness" or result in prejudice to either side). Even when the specific requirements of Rule 20 are satisfied, the Court must consider whether permissive joinder "will comport with the principles of fundamental fairness" or cause undue prejudice to any party. *Desert Empire Bank v. Ins. Co. of N.A.,* 623 F.2d 1371, 1375 (9th Cir.1980); *see also Intercon Research Assoc., Ltd. v. Dresser Indus.,* 696 F.2d 53, 58 (7th Cir.1982) (permissive joinder should be denied where it would create undue prejudice, expense, or delay).

*Malibu Media, LLC v. John Does 1-5*, No. 12-cv-1405-WJM, 2012 WL 3030300, *3 (D. Colo. July 25, 2012).

Here, it is clear that allowing this action to go forward against all 17 defendants—many of which are sued under unrelated theories and based on unrelated events—would create case management problems, would prejudice the defendants, and would be fundamentally unfair. At the very least, because of the numerous and unrelated occurrences that give rise to these varied claims, it is likely that the defendants will present unique defenses that will require different evidence. *See Don King Prods., Inc.*, 561 F. Supp. 2d at 192 (where claims against multiple defendants arose from distinct transactions and would give rise to unique defenses, the plaintiff's "convenience to bring all claims against these defendants in one action without paying fees for each defendant, is outweighed by the prejudice and delay it would put on the Court's shoulders, as well as each defendant's defense counsel").

Under Federal Rule of Civil Procedure 21, the proper remedy for improper joinder of parties is not dismissal. Rather, "[o]n motion or on its own, the court may at

any time, on just terms, add or drop a party. The court may also sever any claim against a party." *Id.* Because the claims against the additional eight defendants are not related to the lodestar series of events, the undersigned recommends that the claims against these defendants be severed and dismissed without prejudice to Plaintiff filing separate lawsuits against these defendants.

First, Plaintiff asserts that on September 20, 2011, Officer Clemons—the officer whom Plainitiff asserts conspired by Officer Sykes to force Plaintiff to work overtime in his "lodestar" claim—confiscated some of Plaintiff's property, catalogued the property on an inaccurate ledger, and wrote Plaintiff a disciplinary report for possession of contraband. Plaintiff asserts that Defendant Melvin served Plaintiff with the disciplinary report, and pressured Plaintiff to sign the report without reading it. Plaintiff asserts that at the hearing on the disciplinary report, Defendants Baker and Edenfield, the hearing officers, refused to allow Plaintiff to present evidence or challenge the disciplinary report. Plaintiff asserts that Defendant Chason, the Assistant Warden, denied his grievance on this issue, and that Defendant Neel denied his grievance appeal. Plaintiff brings Fourteenth Amendment due process claims against Defendants Melvin, Baker, and Edenfield for their conduct in the disciplinary report process, and claims that Defendants Chason and Neel failed to protect him through the grievance system. The undersigned finds that the entire "contraband incident" is unrelated to the lodestar claim, and that Plaintiff's claims related to the contraband incident should be severed from the case and dismissed, without prejudice to Plaintiff filing a separate lawsuit dealing specifically with this incident.

Second, Plaintiff asserts that on December 19, 2011, he had a confrontation with

Defendant Sykes based on Plaintiff's objection to working on Defendant Sykes' crew. Plaintiff asserts that Defendant Sykes asked him if the shoes he was wearing were his, and Plaintiff responded that they were. Defendant Sykes asked Plaintiff if he had a receipt for the shoes. When Plaintiff said that he did not have a receipt because he had received the shoes from another inmate, Defendant Sykes wrote him a disciplinary report for lying to staff. Plaintiff asserts that Defendants Reeder and Hall conducted a hearing on the disciplinary report, but that at the hearing he was denied the opportunity to present a defense. Plaintiff asserts that Defendant O'Bryan responded to his grievances at the institutional level, and Defendants Chason and Summers responded to his formal grievance appeals. Plaintiff further asserts that Defendant Porter signed the formal grievance appeals, and that Defendant Porter was negligent in failing to rectify the problems that Plaintiff described. Plaintiff brings Fourteenth Amendment due process claims against Defendants Reeder and Hall for their conduct in the disciplinary report process, and claims that Defendants O'Bryan, Chason, and Summers failed to protect him through the grievance system. The undersigned finds that the entire "shoe incident" is unrelated to the lodestar claim, and that Plaintiff's claims related to the shoe incident should be severed from the case and dismissed, without prejudice to Plaintiff filing a separate lawsuit dealing specifically with this incident.

Third, Plaintiff asserts that on July 14, 2011, he had a confrontation with Defendant Clemons when she found him in his dorm when she believed he was supposed to be working. Plaintiff told Defendant Clemons that he had a law library call-out, and was in his dorm to buy envelopes. Defendant Clemons wrote a Corrective Consultation on Plaintiff, and canceled his law library call-out. Plaintiff asserts that

because Defendant Clemons canceled his library time, and because Defendant Porter had instituted a policy whereby inmates are allowed only one visit to the law library per week when they do not have a court deadline and three visits per week when they do have a deadline, Plaintiff was not able to complete his research for his pending cases. Plaintiff asserts a First Amendment claim against Defendants Clemons and Porter for interference with his access to the courts. The undersigned finds that the entire "library incident" is unrelated to the lodestar claim, and that Plaintiff's claims related to the library incident should be severed from the case and dismissed, without prejudice to Plaintiff filing a separate lawsuit dealing specifically with this incident.

Fourth, Plaintiff asserts that in July and August 2011, Defendant Clemons regularly permitted white inmates to use the shower while not permitting Plaintiff, who is African-American, to use the shower. Plaintiff asserts an equal protection claim under the Fourteenth Amendment against Defendant Clemons for this behavior. The undersigned finds that the "shower incident" is unrelated to the lodestar claim, and that Plaintiff's claims related to the shower incident should be severed from the case and dismissed, without prejudice to Plaintiff filing a separate lawsuit dealing specifically with this incident.

Fifth and finally, Plaintiff asserts that on June 16, 2011, he reported to medical because his thigh and hamstring were hurting from pushing the manual lawnmower. Plaintiff asserts that Nurse McDougle—not a named defendant—provided him ibuprofen and a massage cream for the pain, but told him that under Defendant Porter's internal prison policy, he could not receive a day off. Plaintiff asserts that Defendant Summers denied his grievance related to this incident. Plaintiff brings claims against

Defendants Porter and Summers for deliberate indifference to his medical needs, in violation of his Eighth Amendment rights. The undersigned finds that the entire "medical incident" is unrelated to the lodestar claim, and that Plaintiff's claims related to the medical incident should be severed from the case and dismissed, without prejudice to Plaintiff filing a separate lawsuit dealing specifically with this incident.

### *Failure to State a Claim*

After severing and dismissing all claims unrelated to the lodestar incident, Plaintiff's remaining claims are that Defendants Parker, Tripp, Andrews, Griffin, Sykes, and Clemons engaged in retaliation against him for filing grievances, in violation of his First Amendment rights. Plaintiff also brings claims against Defendants Parker, Tripp, Andrews, Sykes, and Clemons related to his work assignment, claiming that it constituted an "atypical and significant hardship and deprived him of life and liberty under the Fourteenth Amendment." (Doc. 16, at 23.) Finally, the lodestar claim includes claims against Defendants Porter, Neel, and Tucker for failing "to protect Plaintiff through the grievance system" by denying his grievances. *Id.*

With respect to the claims against Defendants Porter, Neel, and Tucker, Plaintiff has failed to state a claim upon which relief can be granted. "[D]enial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir. 2009).

As to Defendants Porter, Neel, and Tucker, Plaintiff only claims that they were negligent by not taking proactive measures to remedy Plaintiff's various allegations of unfairness. Plaintiff makes no factual allegations suggesting that these Defendants had

any personal connection to the alleged violation of Plaintiff's civil rights sufficient to trigger liability under §1983.  Accordingly, these claims are due to be dismissed for failure to state a claim upon which relief may be granted.

The undersigned recommends that Plaintiff be granted leave to file an amended complaint that includes *only* the lodestar claims against Defendants Parker, Tripp, Andrews, Griffin, Sykes, and Clemons for retaliation, and Fourteenth Amendment claims related to Plaintiff's work assignment against Defendants Parker, Tripp, Andrews, Sykes, and Clemons.

Finally, Plaintiff requested leave to file a Third Amended Complaint, which seeks to add additional claims against defendants at Plaintiff's current place of incarceration, Franklin CI.  (Doc. 57.)  Because the proposed Third Amended Complaint—like the Second Amended Complaint—fails to comply with Federal Rule of Civil Procedure 20, the undersigned recommends that leave to file the Third Amended Complaint should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that:

1.      Defendants' motion to sever, Doc. 52, should be **GRANTED in part and DENIED in part**.  Plaintiffs' claims against all defendants—except the claims against Defendants Parker, Tripp, Andrews, Griffin, Sykes, and Clemons for retaliation, and Fourteenth Amendment claims related to Plaintiff's work assignment against Defendants Parker, Tripp, Andrews, Sykes, and Clemons—should be severed and dismissed due to misjoinder.

2.      Plaintiff's claims against Defendants Porter, Neel, and Tucker should be dismissed for failure to state a claim upon which relief can be granted.

3.      Plaintiff's motion for leave to file a Third Amended Complaint, Doc. 57, should be denied.

4.      Plaintiff should be directed to file a Third Amended Complaint, including *only* the claims against Defendants Parker, Tripp, Andrews, Griffin, Sykes,

and Clemons for retaliation, and Fourteenth Amendment claims related to Plaintiff's work assignment against Defendants Parker, Tripp, Andrews, Sykes, and Clemons.  Any amended complaint should be filed within 30 days of entry of a final order on the motion to sever.

**IN CHAMBERS** at Gainesville, Florida, this 23rd  day of January 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**<u>NOTICE TO THE PARTIES</u>**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**