IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CONRAAD L. HOEVER,

    Plaintiff,

v.                                                        CASE NO. 5:11-cv-254-MP-GRJ

HAROLD PARKER, et al.,

    Defendants.

_____/

**<ins>REPORT AND RECOMMENDATION</ins>**

       Plaintiff, an inmate at Franklin Correctional Institution, filed a complaint under 42 U.S.C. § 1983, asserting claims against seventeen defendants. Defendants filed a motion to sever or dismiss, Doc. 52, for misjoinder of both defendants and claims. On March 28, 2013, the district judge adopted the Report and Recommendation granting in part and denying in part the motion to sever or dismiss. (Doc. 66.) In that Order, the district judge directed Plaintiff "to file a Third Amended Complaint which includes only the claims against Defendants Parker, Tripp, Andrews, Griffin, Sykes, and Clemons for retaliation, and Fourteenth Amendment claims related to Plaintiff's work assignment against Defendants Parker, Tripp, Andrews, Sykes, and Clemons." (Doc. 66, at 2.) The amended pleading was due on April 30, 2013. Plaintiff never filed an amended complaint. Instead, he filed an interlocutory appeal to the Eleventh Circuit and a motion to stay the proceedings in this case until the Eleventh Circuit appeal was complete. (Docs. 67, 71.) The Eleventh Circuit dismissed Plaintiff's appeal for lack of jurisdiction. (Doc. 76.) Because Plaintiff never filed an amended complaint as ordered by the Court,

and filed no documents in this case since May 13, 2013, he was directed to show cause why this case should not be dismissed for failure to comply with an order of the Court and failure to prosecute. (Doc. 77.) The Court cautioned Plaintiff that if he failed to respond to the order or failed to file an amended complaint that complies with all the directives of this Court's prior Orders, the undersigned will recommend that the case be dismissed. Plaintiff has now filed a Third Amended Complaint that repeats the misjoinder issues of the previous complaints. Accordingly, the undersigned recommends that this case be dismissed for failure to comply with an order of the Court and for misjoinder.

## I. PLAINTIFF'S ALLEGATIONS

For ease of discussion, the Court will address Plaintiff's principal or "lodestar" claim first. Plaintiff asserts that on March 25, 2011, he was in the lunch line when he realized that he had forgotten his identification card in his dorm room. He went back to retrieve the card, and as he attempted to re-enter the lunch line, he had a verbal altercation with Defendant Griffin, a correctional officer. Officer Griffin pulled Plaintiff's legal papers out of Plaintiff's pocket and began to read them, over Plaintiff's objection. Plaintiff told Officer Griffin that he would write a grievance about the incident. Plaintiff asserts that Officer Griffin, in an attempt to stop Plaintiff from writing grievances, ordered Plaintiff to push the "Flintstone" (a manual rotary lawnmower) in the hot sun for two hours without a restroom or water break. Plaintiff alleges that on April 4, 2011, he was called to a meeting of the Institutional Classification Team (ICT), consisting of Defendants Parker (Assistant Warden of the prison), Tripp (Classification Supervisor), and Andrews (Chief of Security). The ICT allegedly told Plaintiff that they would

transfer him from "Houseman" to "Inside Grounds" for his work assignment, so that he would be too exhausted to write grievances. Plaintiff asserts that Defendant Sykes, a correctional officer, told him that Officer Andrews had instructed him to force Plaintiff to work to the point of exhaustion. Plaintiff asserts that Officer Sykes forced him to work more than any other prisoner, including on regular days off, through lunchtime, and on the weekend. Plaintiff asserts that Defendant Clemons, a correctional officer, conspired with Officer Sykes to overwork Plaintiff. Plaintiff further asserts that he submitted numerous grievances and grievance appeals related to these conditions, and that the grievance appeals were denied.

Plaintiff asserts that Defendants Parker, Tripp, Andrews, Griffin, Sykes, and Clemons engaged in retaliation against him for filing grievances, in violation of his First Amendment rights. Plaintiff brings this claim against Defendants Parker, Tripp, Andrews, Sykes, and Clemons. In the initial Report and Recommendation, the Court referred to this claim as the "lodestar" claim, and directed Plaintiff that an amended complaint should include *only* the claims against Defendants Parker, Tripp, Andrews, Griffin, Sykes, and Clemons for retaliation, and Fourteenth Amendment claims related to Plaintiff's work assignment against Defendants Parker, Tripp, Andrews, Sykes, and Clemons.

## II. STANDARD OF REVIEW

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). If a litigant cannot

satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

## III. DISCUSSION

### *Misjoinder of Unrelated Incidents*

First, Plaintiff asserts that on December 19, 2011, he had a confrontation with Defendant Sykes based on Plaintiff's objection to working on Defendant Sykes' crew. Plaintiff asserts that Defendant Sykes asked him if the shoes he was wearing were his, and Plaintiff responded that they were. Defendant Sykes asked Plaintiff if he had a receipt for the shoes. When Plaintiff said that he did not have a receipt because he had received the shoes from another inmate, Defendant Sykes wrote him a disciplinary report for lying to staff. Plaintiff asserts that he was found guilty at the disciplinary hearing, and that he grieved the incident but the grievances were denied. The Court previously stated unequivocally that the entire "shoe incident" is unrelated to the lodestar claim. These claims were severed and dismissed, yet Plaintiff has again

included them in his Complaint, in direct violation of the Court's previous Orders. (Docs. 64, 66.)

Second, Plaintiff asserts that on July 14, 2011, he had a confrontation with Defendant Clemons when she found him in his dorm when she believed he was supposed to be working. Plaintiff told Defendant Clemons that he had a law library call-out, and was in his dorm to buy envelopes. Defendant Clemons wrote a Corrective Consultation on Plaintiff, and canceled his law library call-out. The Court previously stated unequivocally that the entire "library incident" is unrelated to the lodestar claim. These claims were severed and dismissed, yet Plaintiff has again included them in his Complaint, in direct violation of the Court's previous Orders. (Docs. 64, 66.)

Third, Plaintiff asserts that on September 20, 2011, Officer Clemons—the officer whom Plainitiff asserts conspired with Officer Sykes to force Plaintiff to work overtime in his "lodestar" claim—confiscated some of Plaintiff's property, catalogued the property on an inaccurate ledger, and wrote Plaintiff a disciplinary report for possession of contraband. The Court previously stated unequivocally that the entire "contraband incident" is unrelated to the lodestar claim. These claims were severed and dismissed, yet Plaintiff has again included them in his Complaint, in direct violation of the Court's previous Orders. (Docs. 64, 66.)

### ***Failure to Comply with a Court Order***

The Court clearly directed Plaintiff that if he wished to continue with his case, he would need to file a Third Amended Complaint that did *not* include the unrelated incidents detailed above that were completely unrelated to the lodestar claim. (Docs. 64, 66.) Instead of complying with that Order, Plaintiff filed a frivolous appeal to the

Eleventh Circuit. (Docs. 67, 76.) Plaintiff's Third Amended Complaint defies the previous Court orders by repeating the same unrelated claims that the Court previously dismissed. Accordingly, the Third Amended Complaint is due to be dismissed for misjoinder and for failure to obey a Court order.

In light of the foregoing, it is respectfully **RECOMMENDED** that:

Plaintiff's Third Amended Complaint, Doc. 79, should be **DISMISSED with prejudice** for misjoinder and for failure to comply with a Court order.

**IN CHAMBERS** at Gainesville, Florida, this 23rd day of July 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**